IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 2:17-cr-86 |
| | ) 18 U.S.C. § 201 |
| vs. | ) 18 U.S.C. § 4 |
| | ) 41 U.S.C. § 8702 |
| **JOSEPH HAMRICK** | ) 18 U.S.C. § 981(a)(1)(C) |
| **BARBARA POWELL** | ) 28 U.S.C. § 2461(c) |
| **RICHARD DARNELL** | ) |
| | ) |
| | ) **INDICTMENT** |

## COUNT 1
(Kickbacks involving Federal Contracts)

THE GRAND JURY CHARGES:

At all times relevant to this Indictment:

1. Joint Base Charleston (herein JBC) was a United States Department of Defense military base located in the District of South Carolina. JBC was formed when the Naval Weapons Station and the Charleston Air Force Base merged. JBC has approximately $7.5 billion in property and assets, including seaports, airfields, railroad lines, and numerous military buildings. As a large and aging military base, the Department of Defense frequently hires private contractors and subcontractors to build and/or renovate property at JBC.

2. The Defendant, **JOSEPH HAMRICK**, was quality control officer for Chugach Government Solutions (herein Chugach). Chugach was an Alaska-based company

that was a prime contractor at JBC from 2007-2014. In January 2015, **HAMRICK** took a similar position at Aspen Construction, another contractor at JBC.

3. In his position as a quality control officer for Chugach and Aspen Construction, it was part of **HAMRICK**'s duties to oversee and approve or disapprove of a subcontractor's work on behalf of a contractor. **HAMRICK** had the authority to prevent and delay a subcontractor from being paid by Chugach and Aspen Construction, and he had some influence over which subcontractors were hired and retained by Chugach and Aspen Construction.

4. From in or about 2011 through 2015, in the District of South Carolina, **JOSEPH HAMRICK**, abusing his position as a quality control officer, solicited, accepted, and attempted to accept kickbacks, including money, meals, and renovation work on his personal property from various subcontractors at JBC, including Residential Construction, Inc. and Prince Roofing;

    All in violation of 41 U.S.C. § 8702.

## COUNT 2
(Bribery of a Public Employee)

THE GRAND JURY FURTHER CHARGES:

1. Paragraph 1 of Count 1 is re-alleged and incorporated here.

2. The Defendant, **BARBARA POWELL**, was a contract specialist for the Federal Government at JBC, and as such, she was a public employee of the United States Department of Defense.

3. As a government contract specialist, it was part of **POWELL'S** duties to administer contracts with private companies on behalf of the federal government at JBC. **POWELL** had access to confidential pricing information regarding government contracts, as well as the contract proposals and bids submitted by private contractors and subcontractors regarding particular projects at JBC.

4. From in or about 2011 through 2014, in the District of South Carolina, the Defendant, **BARBARA POWELL**, being a public employee at the Department of Defense acting on behalf of the United States, corruptly did directly and indirectly seek and accept things of value, specifically money, payment of car repairs and car loans, and renovation work on her residence in return for being influenced in the performance of an official act, including steering contracts to a particular subcontractor and sharing with this subcontractor the confidential bid proposals of other subcontractors.

All in violation of 18 U.S.C. § 201(b)(2).

## COUNT 3
(Misprision of a Felony)

THE GRAND JURY FURTHER CHARGES:

From in or about 2011 through 2015, in the District of South Carolina, the Defendant, **RICHARD DARNELL**, having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit, bribery and kickbacks as alleged in Counts 1 and 2, did conceal such felonies and did not as soon as possible make known such felonies to the authorities of the United States;

In violation of Title 18, United States Code, Section 4.

## **FORFEITURE**

BRIBERY:

Upon conviction for a violation of Title 18, United States Code, Section 201 as charged in Count 2 of this Indictment, the Defendant, **BARBARA POWELL**, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offenses, including, but not limited to the following:

PROPERTY:

Pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), the property which is subject to forfeiture upon conviction of the Defendant, **BARBARA POWELL**, for the violation charged in Count 2 of this Indictment includes, but is not limited to, the following:

### CASH PROCEEDS/MONEY JUDGMENT:

A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in Count 2 of this Indictment, and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to her violations of 18 U.S.C. § 201.

SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant –

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third person;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p)

to seek forfeiture of any other property of defendants up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A \_\_\_True_____ BILL

_____
FOREPERSON

_____
BETH DRAKE (MRD)
UNITED STATES ATTORNEY